**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

Civil Action No. ___2:20-cv-00726___

DUSTIN GABRIELSEN, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

CREDIT CORP SOLUTIONS INC.

    Defendant.
_____/

**CLASS ACTION COMPLAINT**

**NOW COMES** Plaintiff, DUSTIN GABRIELSEN, individually, and on behalf of all others similarly situated, through the undersigned counsel, and pursuant to Fed. R. Civ. P. 23 asserting the following class action claims against Defendant, CREDIT CORP SOULTIONS INC., as follows:

**NATURE OF THE ACTION**

    1.    This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, and on behalf of all others similarly situated, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

    2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

    3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. DUSTIN GABRIELSEN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Marco Island, Florida.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. CREDIT CORP SOLUTIONS INC. ("Defendant") is a corporation organized under the laws of Utah.

7. Defendant maintains its principal place of business at 121 Election Road, Suite 200, Draper, Utah 840230.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for and was approved for a BBVA Clear Points Credit Card serviced by Visa ("credit card").

11. Plaintiff made various charges on the credit card for personal purposes.

12. Due to financial hardship, Plaintiff defaulted on the credit card ("subject debt").

13. Shortly thereafter, the subject debt was placed with Defendant for collection.

14. On March 31, 2020, Defendant sent Plaintiff a dunning letter seeking to collect the subject debt ("Collection Letter").

15. The Collection Letter depicted as follows:

INTENTIONALLY LEFT BLANK

Dustin A Gabrielsen
18465 Tulip Rd
Fort Myers, FL 33967-3154



Original Creditor: BBVA Compass Bank/VISA CLEAR POINTS PLATINUM
Original Account: ************5443
Current Creditor: Credit Corp Solutions Inc
Balance Outstanding: $2,223.08
Reference Number: 30703334
Original Assigned Amount: $2,211.00

CREDIT CORP SOLUTIONS, INC
121 W Election Road Suite 200
Draper, UT 84020
E-mail: info@creditcorponline.com
Website: www.creditcorponline.com
Office Hours: 6:00am - 7:30pm MST Mon-Thurs
6:00am - 5:30pm MST Fri
Toll Free: 800-483-2361

Date: March 31, 2020

**Validation Notice**

Dear Dustin A Gabrielsen,

Notice is hereby given that on February 18, 2020 all rights, title and interest in the above listed debt have been assigned to Credit Corp Solutions, Inc. This Notice refers to the amount due and claimed herein, or any further amount which may become due by you on the above account.

**Pay This Account Online**
**www.creditcorponline.com/selfservice**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request, in writing, from this office within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

As at the date of this letter the balance is $2,223.08. The balance may increase due to the accrual of interest, however if $2,223.08 is paid within 30 days after receiving this notice we will accept this in full and final settlement of the debt. Any payment mailed by this date will be accepted as satisfaction of the debt on receipt. If you have any queries in relation to any aspect of your account please do not hesitate to write the undersigned or call one of our friendly staff members toll free on 800-483-2361.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Yours faithfully,

Credit Corp Solutions, Inc.

800-483-2361
info@creditcorpsolutionsinc.com

16.     The Collection Letter proposed to resolve the subject debt for $2,223.08 as long as

payment is made "within 30 days after receiving" the Collection Letter.

17.     Specifically, the Collection Letter stated:

> As at the date of this letter the balance is $2,223.08. The balance may increase due to the accrual of interest, however if $2,223.08 is paid within 30 days after receiving this notice we will accept this in full and final settlement of the debt.

3

18. The Collection Letter further stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request, in writing, from this office within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

19. By demanding payment by a date that falls within same thirty-day dispute period, the demand for payment overshadowed Plaintiff's right to dispute the subject debt.

20. Specifically, the language of the Collection Letter put in a tough position because the settlement offer expired at the same time as his dispute rights, leaving Plaintiff with no meaningful opportunity to exercise his dispute rights without losing the opportunity to take advantage of Defendant's settlement offer.

21. In other words, the Plaintiff was left with no way to both seek verification of the subject debt and preserve the settlement offer, as the deadline for both expired on the same day.

22. Accordingly, the language in the Collection Letter effectively gave Plaintiff two choices, (1) exercise his dispute and/or verification rights or (2) accept the settlement offer.

23. The Collection Letter was designed to create a false sense of urgency to pay and to prevent Plaintiff from exercising his dispute rights as a request for verification of the subject debt would be effectively penalized by the loss of the opportunity to accept the settlement offer.

24. Due to the overshadowing language in the Collection Letter, Plaintiff was highly confused as to his dispute rights.

25. The confusion caused by the language in the Collection Letter impacted Plaintiff's decision to pay the subject debt.

## CLASS ALLEGATIONS

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

27. The Putative Class is defined as follows:

> All natural persons residing in the State of Florida (a) that received a correspondence from Defendant (b) in connection with the collection of a consumer debt; (c) in which the deadline to accept a settlement offer fell within the same thirty-day dispute period prescribed by 15 U.S.C. §1691g(b); (d) within the one (1) year preceding the date of this complaint through the date of class certification.

28. The following individuals are excluded from the Putative Class: (1) any Judge or presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.  Numerosity:**

29. Upon information and belief, Defendant mailed hundreds of letters with the identical format and language as the letter described above to consumers in Florida.

30. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

31. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

**B.     Commonality and Predominance:**

32. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality:**

33. Plaintiff's claims are representative of the claims of other members of the Putative Class.

34. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability:**

35. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

36. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

37. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

38. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation:**

39. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

40. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

41. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

### Count I – Violations of Sections 1692e and e(10) of the FDCPA
### (On behalf of Plaintiff, individually, and Members of the Putative Class)

42. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

43. Pursuant to §1692g(b) of the FDCPA, a debt collector may not engage in any collection activity during the 30-day dispute period that overshadows or is inconsistent with the disclosure of the consumer's right to dispute the debt or seek verification of the same. 15 U.S.C. §1692g(b).

44. Defendant violated 15 U.S.C. §1692g(b) by demanding payment on the subject debt within the 30-day dispute period prescribed by §1692g(b).

45. The demand for payment overshadowed Plaintiff's right to dispute the subject debt.

46. As set forth above, the language in the Collection Letter confused Plaintiff and impaired his ability to effectively exercise his dispute/verification rights without penalty.

**WHEREFORE**, Plaintiff, DUSTIN GABRIELSEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Sections 1692g(b) of the FDCPA;

b. Enjoining Defendant from sending consumers similar violating collection letters;

c. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Awarding Class Members statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

e. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

f. Awarding any other relief as the Honorable Court deems just and proper.

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: September 21, 2020                    Respectfully submitted,

DUSTIN GABRIELSEN

By: */s/ Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com